**TABLE OF CONTENTS**

I.      LEGAL STANDARD FOR CONDITIONAL CERTIFICATION ............................. 1

II.     PLAINTIFF FAILS TO MEET HIS BURDEN FOR CONDITIONAL
        CERTIFICATION ........................................................................................ 2

III.    PLAINTIFF'S AFFIDAVIT IS WHOLLY CONTRADICTED BY THE
        AFFIDAVITS OF BOTH INDIVIDUAL DEFENDANTS AND TWO OF THE
        INDIVIDUALS HE IDENTIFIED AS BEING SIMILARLY SITUATED ................ 7

IV.     THE BRANCH OF PLAINTIFF'S MOTION SEEKING NAMES AND CONTACT
        INFORMATION OF POTENTIAL CLASS MEMBERS SHOULD BE DENIED .... 9

V.      SPECIFIC OBJECTIONS TO PLAINTIFF'S PROPOSED NOTICE ...................... 10

# TABLE OF AUTHORITIES

**Federal Cases**                                                                    **Page(s)**

*Ali v. New York City Health & Hosps. Corp.*,
   2013 U.S. Dist. LEXIS 44091, *8 (S.D.N.Y. Mar. 27, 2013) ................................................. 6

*Barfield v. New York City Health & Hosps. Corp.*,
   2005 U.S. Dist. LEXIS 28884, *3 .................................................................. 6, 10

*Benavides v. Serenity Spa NY Inc.*,
   166 F. Supp. 3d 474 (S.D.N.Y. 2016) ................................................................ 13

*Brown v. Barnes & Noble, Inc.*,
   252 F. Supp. 3d 255 (S.D.N.Y. 2017) ................................................................ 4

*Davis v. Abercrombie & Fitch Co.*,
   2008 U.S. Dist. LEXIS 86577, *9 (S.D.N.Y. 2008) ................................................ 1

*Delaney v. Geisha NYC, LLC*,
   261 F.R.D. 55 (S.D.N.Y. 2009) ...................................................................... 6

*Fa Ting Wang v. Empire State Auto Corp.*,
   2015 WL 4603117, at *11 (E.D.N.Y. July 29, 2015) ............................................... 11

*Fasanelli v. Heartland Brewery, Inc.*,
   516 F. Supp. 2d 317 (S.D.N.Y. 2007) ............................................................... 6

*Fu v. Mee May Corp.*,
   2016 U.S. Dist. LEXIS 53199, *5-6 (S.D.N.Y. Apr. 20, 2016) .................................... 5, 7

*Gordon v. Kaleida Health*,
   2009 U.S. Dist. LEXIS 95729 (W.D.N.Y. Oct. 14, 2009) ......................................... 11

*Guillen v. Marshalls of MA, Inc.*,
   750 F.Supp.2d 469 (S.D.N.Y. 2010) ................................................................ 1

*Hamadou v. Hess Corp.*,
   F. Supp. 2d 651, 663 (S.D.N.Y. 2013)…….…………………………………………...………10

*Hoffmann-La Roche, Inc. v. Sperling*,
   493 U.S. 165 .......................................................................................... 10

*Hernandez v. Merrill Lynch & Co.*,
   2012 U.S. Dist. LEXIS 49822, at *22–23 (S.D.N.Y. Apr. 6, 2012) .............................. 11

*Khan v. Airport Mgmt. Servs., LLC*,
   2011 U.S. Dist. LEXIS 133134, *15 (S.D.N.Y. 2011) ........................................... 1, 4

*Korenblum v. Citigroup, Inc.*,
   195 F. Supp. 3d 475 (S.D.N.Y. 2016) ................................................................... 3

*Krueger v. New York Tel. Co.*,
   1993 U.S. Dist. LEXIS 9988, *3 (S.D.N.Y. July 20, 1993) .................................. 10

*Kucker v. Petco Animal Supplies Stores, Inc.*,
   2016 U.S. Dist. LEXIS 6416 WL 237425, at *7-8 (S.D.N.Y. Jan. 19, 2016) ......................... 3

*Lee v. ABC Carpet & Home*,
   236 F.R.D. 193 (S.D.N.Y. 2006 (Batts, J.) ............................................................. 10

*Mata v. Foodbridge LLC*,
   2015 U.S. Dist. LEXIS 70550 (S.D.N.Y. June 1, 2015) .................................... 2, 7

*Mendoza v. Little Luke, Inc.*,
   2015 WL 5918580, *9 (E.D.N.Y. 2015) ............................................................... 4

*Nabi v. Hudson Grp. (HG)Retail, LLC*,
   310 F.R.D. 119 (S.D.N.Y. 2015) ........................................................................... 5

*Ornrat Keawsri v. Ramen-Ya Inc.*,
   2018 U.S. Dist. LEXIS 936, *15 (S.D.N.Y. Jan. 2, 2018)……………………………………6

*Qing Gu v. T.C. Chikurin, Inc.*,
   2014 WL 1515877 (E.D.N.Y. Apr. 17, 2014) .................................................. 2, 4

*Reyes v. Nidaja, LLC*
   2015 U.S. Dist. LEXIS 101728, *3, *6–7 (S.D.N.Y. Aug. 3, 2015)……………………2, 3, 4, 5

*Romero v. H.B. Auto Grp., Inc.*,
   2012 U.S. Dist. LEXIS 61151 (S.D.N.Y. May 1, 2012) ............................... 1, 6, 10

*Rubery v. Buth-Na-Bodhaige, Inc.*,
   569 F. Supp. 2d 334 (W.D.N.Y. 2008) ................................................................. 6

*Salomon v. Adderley Indus.*,
   847 F. Supp. 2d 561 (S.D.N.Y. 2012) ................................................................. 6

*Sanchez v. JMP Ventures, L.L.C., No. 13 Civ. 7264*
   (KBF), 2014 U.S. Dist. LEXIS 14980 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) .......... 2, 5

*Shajan v. Barolo, Ltd.*,
   2010 U.S. Dist. LEXIS 54581 (S.D.N.Y. June 2, 2010) ...................................... 11

*Sherrill v. Sutherland Global Servs.*,
   487 F. Supp. 2d 344 (W.D.N.Y. 2007) ............................................................... 10

*Stevens v. HMSHost Corp.*,
   2012 U.S. Dist. LEXIS 146150, *11-12 (E.D.N.Y. Oct. 10, 2012)………………………………9

*Thornburn v. Door Pro Am., Inc.*,
    2018 U.S. Dist. LEXIS 46164, *30 (E.D.N.Y. Mar. 20, 2018)…………………………………..9

*Vecchio v. Quest Diagnostics, Inc.*,
    2018 U.S. Dist. LEXIS 72919, *19-20 (S.D.Y.N. Apr. 30, 2018)……………………………9

*Williams v. Twenty Ones, Inc.*,
    2008 U.S. Dist. LEXIS 117546 (S.D.N.Y. June 30, 2008)……………………………………...6

*Yang v. Asia Mkt. Corp.*,
    2018 U.S. Dist. LEXIS 56847, *4 (S.D.N.Y. Apr. 3, 2018)  ................................................... 5

*Yap v. Mooncake Foods, Inc.*,
    146 F. Supp. 3d 552–67 (S.D.N.Y. 2015)  .......................................................................... 11

*Young v. Cooper Cameron Corp.*,
    229 F.R.D. 50 (S.D.N.Y.2005)  ........................................................................................ 7

*Zhang v. Bally Produce, Inc*
    2013 U.S. Dist. LEXIS 57544, (E.D.N.Y. Apr. 22, 2013) ………………………………………4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

RIGOBERTO TAVERAS, individually and on behalf
of all others similarly situated,

                                        Plaintiff,

        -against-

LSTD, LLC D/B/A SSA CONSTRUCTION GROUP,
and SAUL SUTTON and ANTHONY SCAVO,
as individuals,

                                        Defendants.

-------------------------------------------------------------------------------X

**MEMORANDUM OF
LAW IN OPPOSITION
TO PLAINTIFF'S
MOTION FOR
CONDITIONAL CLASS
CERTIFICATION**


**18-CV-903 (VEC)**

**MEMORANDUM OF LAW**

       Defendants, by and through the undersigned counsel, hereby file their opposition to Plaintiff's

motion for conditional certification of a class of laborers and construction workers for alleged

violations of the Fair Labor Standards Act ("FLSA"). The motion should be denied in its entirety

because Plaintiff has failed to meet his burden under the law of this District. In the event the motion

is nevertheless granted, Plaintiff's proposed notice should be revised.

**I.           LEGAL STANDARD FOR CONDITIONAL CERTIFICATION**

       Despite the lenient standard applied to motions at this first stage, "certification is not

automatic." *Romero v. H.B. Auto Grp., Inc.,* 2012 U.S. Dist. LEXIS 61151, at *27 (S.D.N.Y. May

1, 2012) (McMahon, J.). Plaintiff's application for conditional class certification fails to meet even

the low burden necessary to obtain preliminary certification in this FLSA case. While the burden at

this stage is low, "it is not non-existent." *Khan v. Airport Mgmt. Servs., LLC,* 2011 U.S. Dist.

LEXIS 133134, *15 (S.D.N.Y. 2011) (Buchwald, J.); *Guillen v. Marshalls of MA, Inc.,* 750

F.Supp.2d 469, 480 (S.D.N.Y. 2010) (Gorenstein, M.J.); *Davis v. Abercrombie & Fitch Co.,* 2008

U.S. Dist. LEXIS 86577, *9 (S.D.N.Y. 2008) (Castel, J.) (a plaintiff must proffer "'substantial

allegations' of a factual nexus between the named plaintiffs and potential opt-in plaintiffs with regard to their employer's alleged FLSA violation."). "Although Plaintiff's burden is not onerous, they must provide actual evidence of a factual nexus between their situation and those that they claim are similarly situated rather than mere conclusory allegations." *Qing Gu v. T.C. Chikurin, Inc.*, 2014 U.S. Dist. LEXIS 53813, at *9 (E.D.N.Y. Apr. 17, 2014). Plaintiff fails to meet his burden at this stage.

## II.   PLAINTIFF FAILS TO MEET HIS BURDEN FOR CONDITIONAL CERTIFICATION

Plaintiff's motion for conditional certification is premised solely on his own affidavit, which, like that in *Mata v. Foodbridge LLC*, 2015 U.S. Dist. LEXIS 70550, at *7 (S.D.N.Y. June 1, 2015) (Ramos, J.), "describes the terms of his own employment and compensation by Defendants and alleges that, through observations of and conversations with other employees," others were similarly situated. This Court has repeatedly and consistently found such allegations to be "insufficient." *Id.*, at *10 ("as other courts in this district have held, information regarding 'where or when these observations or conversations occurred . . . is critical in order for the Court to determine the appropriate scope of the proposed class and notice process.'") (quoting *Sanchez v. JMP Ventures, L.L.C.*, 2014 U.S. Dist. LEXIS 14980, at *1–2 [S.D.N.Y. Jan. 27, 2014] [Forrest, J.]).

Like the plaintiff in *Mata*, Plaintiff claims to have spoken with other people, most of whom are identified only by first name, but fails to mention any dates, or even general time frames, on which any conversations regarding wages and hours ever took place. "The Plaintiff's bare assertion that other employees also worked overtime without proper compensation does not clear even this low bar [for conditional certification]." *Reyes v. Nidaja, LLC*, 2015 U.S. Dist. LEXIS 101728, *3, *6–7 (S.D.N.Y. Aug. 3, 2015) (Sweet, J.) (collecting cases). Two of the people Plaintiff identified

2

by first and last name have submitted their own affidavits explaining that they were not similarly situated to Plaintiff at all, as discussed *infra*. *See* Exhibits C and D to the Ferrier Declaration ("Ferrier Dec.").

The Plaintiff's affidavit fails to set forth sufficient detail that could serve as a factual basis for his unfounded belief that other employees were not paid overtime. "Declarations submitted in connection with motions for certification must allege facts showing such a nexus, not mere statements that others are similarly situated." *Reyes*, 2015 U.S. Dist. LEXIS 101728, at *4. Plaintiff alleges that "these employees performed substantially similar duties to the duties I performed and worked at the same job sites I worked" (Dkt. 29-1, ¶8), but fails to explain what his own job duties were, much less anyone else's. Contrary to that assertion, "Anthony Ribbs," whose real name is Antonio Rivera, and who was identified in Plaintiff's affidavit as someone similarly situated to Plaintiff with whom Plaintiff alleges he discussed the issues that are the subject of this lawsuit, in fact, was a salaried manager, who performed no construction or laborer work. Ferrier Dec. Exhibit C.

"Of course, whether a compensation policy is unlawful frequently turns on the duties, pay rates, and working schedules of the employees it covers. *See Kucker v. Petco Animal Supplies Stores, Inc.*, No. 14-CV-9983 (DF), 2016 U.S. Dist. LEXIS 6416, 2016 WL 237425, at *7-8 (S.D.N.Y. Jan. 19, 2016) [Freeman, M.J.] ('[A]llegations of the mere existence of standardized policies and procedures are not sufficient . . . .')." *Korenblum v. Citigroup, Inc*., 195 F. Supp. 3d 475, 480 (S.D.N.Y. 2016) (Furman, J.). Fernando Carrillo, identified by Plaintiff as Fernando Corillo, was a laborer, as Plaintiff claims to have been, but in his affidavit he explains that he never worked for Defendants, but for a completely different company, JP Insulation, at the direction of a man he called Johnny Peru. Ferrier Dec. Exhibit D.

It is not "sufficient for [Plaintiff] to show that he and the proposed class operated under the same job description." *Khan*, 2011 U.S. Dist. LEXIS 133134, at *7. *See also Reyes*, at *8 (citing *Zhang v. Bally Produce, Inc*., 2013 U.S. Dist. LEXIS 57544, [E.D.N.Y. Apr. 22, 2013] and faulting plaintiff who "has not described with any detail what his own job duties are, and has not stated what other employees do and whether or how their responsibilities and treatment are similar to his."). *See also Brown v. Barnes & Noble, Inc.,* 252 F. Supp. 3d 255, 263 (S.D.N.Y. 2017) (Parker, M.J.) (denying conditional certification where "Plaintiffs' declarations describe their day-to-day responsibilities as CMs in the vaguest of ways, and their factual allegations use self-serving legal terms of art.").

Plaintiff fails to offer any details at all, such as where any job site was located, how many people worked on any particular job site at any particular time, how many hours per week anyone else worked, anyone's starting and ending times, or how much anyone else was allegedly paid. *See, e.g., Mendoza v. Little Luke, Inc.,* 2015 WL 5918580, *9 (E.D.N.Y. 2015) (Shields, M.J.) (noting that plaintiff "fails to make any factual statement as to the hours actually worked by any of those identified.").

While Plaintiff alleges that other people "were also paid a similar amount of money per week" (Dkt. 29-1, ¶9), he fails to even identify how much he was paid per week, much less how much anyone else was paid. Even if he had been more specific, Mr. Rivera's affidavit explains that, contrary to Plaintiff's affidavit, Rivera was not paid by the hour at all, as Plaintiff claims everyone was, but received a salary and bonuses because he was a project manager. Ferrier Dec. Exhibit C. *See also Qing Gu*, 2014 U.S. Dist. LEXIS 53813 (denying conditional certification where plaintiffs made only general allegations that other employees were denied minimum wage and overtime).

[A] plaintiff cannot simply state his belief that others are similarly situated based on conversations with or observations of those other potential opt-in members; rather,

4

he must supply additional detail regarding the particular conversations or observations substantiating that belief. There is a "consensus in this district that where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a minimum level of detail regarding the contents of those conversations or observations." *Reyes*, 2015 U.S. Dist. LEXIS 101728, 2015 WL 4622587, at \*3; *see also Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ. 7264 (KBF), 2014 U.S. Dist. LEXIS 14980, 2014 WL 465542, at \*2 (S.D.N.Y. Jan. 27, 2014) ("Plaintiff does not, however, provide *any* detail as to a *single* such observation or conversation. As a result, the Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process." (emphases in original)).

*Fu v. Mee May Corp.*, 2016 U.S. Dist. LEXIS 53199, \*5-6 (S.D.N.Y. Apr. 20, 2016) (Failla, J.).

So too here, Plaintiff fails to provide any of the kind of detail required for conditional certification in this District. He alleges that "*to the best of my knowledge*, none of [sic] construction workers or laborers employed by the Defendants were paid overtime pay at time and one half for any hours above forty, and all were subject to the same pay practices of being paid the same hourly rate for all hours worked." Dkt. 29-1, ¶12 (emphasis added). The affidavits of Saul Sutton, Anthony Scavo, and Antonio Rivera all make clear that Defendants did not employ any construction workers or laborers. Ferrier Dec. Exhibits A, B, and C.

Moreover, this Court has repeatedly held such general assertions to be insufficient. *See, e.g., Yang v. Asia Mkt. Corp.,* 2018 U.S. Dist. LEXIS 56847, \*4 (S.D.N.Y. Apr. 3, 2018) (Caproni, J.) (denying conditional certification where plaintiff's "affidavit is extraordinarily general and vague and does not mention a single specific conversation that she had with any of her coworkers about Defendants' compensation practices. … every reference to her coworkers' experiences and potential claims is—repeatedly—merely '[b]ased on [her] personal observation and conversations with other co-workers.'"); *Nabi v. Hudson Grp. (HG) Retail, LLC*, 310 F.R.D. 119, 123 (S.D.N.Y. 2015) (Caproni, J.) (denying conditional certification where "[p]laintiffs support their claims … through affidavits that relate Plaintiffs' personal experiences as well as their observations and conversations

with other managerial employees who worked at these locations."); *Ali v. New York City Health & Hosps. Corp.,* 2013 U.S. Dist. LEXIS 44091, *8 (S.D.N.Y. Mar. 27, 2013) (Crotty, J.) (denying conditional certification where motion based on "anecdotal hearsay about the hours Plaintiff believes others worked"); *Romero,* 2012 U.S. Dist. LEXIS 61151, *28 (dismissing plaintiff's statement made upon "knowledge and belief"); *Barfield v. New York City Health & Hosps. Corp.*, 2005 U.S. Dist. LEXIS 28884, *3 (Rakoff, J.) (denying conditional class certification where "plaintiff presents nothing but limited anecdotal hearsay").

Plaintiff's submissions fall far short of those cases where conditional certification has been granted, even among the cases cited by Plaintiff. *See, e.g., Fasanelli v. Heartland Brewery, Inc.,* 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007) (Batts, J.) (noting that "Plaintiff's Motion for Conditional Class Certification is supported by allegations in his Complaint, as well as declarations submitted by nine individuals" and discussing the detailed allegations); *Salomon v. Adderley Indus.*, 847 F. Supp. 2d 561, 564 (S.D.N.Y. 2012) (Crotty, J.) (finding specific allegations submitted in five plaintiffs' declarations sufficient). *See also, Ornrat Keawsri v. Ramen-Ya Inc.,* 2018 U.S. Dist. LEXIS 936, *15 (S.D.N.Y. Jan. 2, 2018) (Caproni, J.) (granting conditional certification where five plaintiffs made specific factual allegations regarding the way other employees were paid); *Delaney v. Geisha NYC, LLC,* 261 F.R.D. 55, 57 (S.D.N.Y. 2009) (Pauley, J.) (citing declarations from five employees regarding the defendants' tipping policy); *Williams v. Twenty Ones, Inc,* 2008 U.S. Dist. LEXIS 117546 (S.D.N.Y. June 30, 2008) (Preska, J.) (granting conditional certification where plaintiffs submitted multiple affidavits as well as documentary evidence); *Rubery v. Buth-Na-Bodhaige, Inc*., 569 F. Supp. 2d 334, 337 (W.D.N.Y. 2008) (granting conditional certification where plaintiff submitted affidavits and time records in support of her motion).

While it is true that the merits of Plaintiff's claims are not at issue in this application for conditional certification (*Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 55 [S.D.N.Y.2005] [Gorenstein, M.J.]), what is at issue is whether there is "substantial" evidence that other employees were victims of a common policy or plan of underpayment of wages and overtime at the hands of these Defendants. Clearly, there is no substantial evidence of such a scheme in light of the affidavits of the individual Defendants, as well as two of the people Plaintiff himself identified as being similarly situated. Plaintiff's sparse affidavit fails to establish the requisite factual nexus. As a result, under the clearly established precedent of this District, conditional certification must be denied. "Because Plaintiff 'provides no factual support demonstrating knowledge of a common scheme impacting the diverse array of employees' referenced in the Amended Complaint, … their motion for conditional certification must fail." *Fu,* 2016 WL 1588132, at *5 (citing *Mata,* 2015 U.S. Dist. LEXIS 70550).

### III. PLAINTIFF'S AFFIDAVIT IS WHOLLY CONTRADICTED BY THE AFFIDAVITS OF BOTH INDIVIDUAL DEFENDANTS AND TWO OF THE INDIVIDUALS HE IDENTIFIED AS BEING SIMILARLY SITUATED

Putting aside that Plaintiff has failed to meet even his minimal burden at this stage, the annexed affidavits of Defendants Saul Sutton and Anthony Scavo make clear that LSTD, LLC d/b/a SSA Construction never employed any construction workers or laborers. Ferrier Dec. Exhibit A and B. The company was an owner's representative and construction management firm that coordinated the work of professionals, like architects and engineers, or contractors or subcontractors. None of the Defendants employed Plaintiff, any of the people identified in his affidavit (other than Antonio Rivera who was not an hourly employee, construction worker, or laborer), or any construction workers or laborers by any other names. *Id.*

The only employees of the company were project managers, estimators, and an office manager. Because the company did not employ any construction workers or laborers, if the Court were to order production of contact information for the people Plaintiff claims were similarly situated to him, there would be nothing to produce. Defendants do not have contact information for any of the employees of the contractors or subcontractors who performed work at the project sites managed by Defendants. *Id.*

The only person identified by Plaintiff who actually worked for LSTD, LLC d/b/a SSA Construction is "Anthony Ribbs," whose real name is Antonio Rivera, but he was not in any way similarly situated to Plaintiff. As Mr. Rivera explains in his annexed affidavit, he was a project manager, who did not perform the job duties of a construction worker or laborer. Furthermore, he was paid a base salary and a bonus. He was neither paid $15.00 per hour, nor was he paid hourly. Moreover, Mr. Rivera explains that no one worked on SSA Construction's job sites beyond 40 hours a week, because he was not there more than 40 hours to manage the job site. Mr. Rivera worked for SSA Construction for approximately two and a half years, and also confirms that Plaintiff was never employed by LSTD, LLC d/b/a SSA Construction. Ferrier Dec. Exhibit C.

Another of the individuals identified by Plaintiff is Fernando Carrillo, though Plaintiff misspelled his last name as "Corillo." In Mr. Carrillo's affidavit, he explains that from about 2013 to 2016, he worked for a company called JP Insulation for a man he called Johnny Peru, and that is the person who paid him. Mr. Carrillo was never employed by SSA Construction, and he never had a conversation with Plaintiff in which he complained that he was not paid appropriately. Ferrier Dec. Exhibit D.

Although courts do not weigh credibility at the conditional certification stage, these affidavits should be considered by the Court where they are submitted by the same people

specifically named by Plaintiff as being similarly situated. In cases where affidavits or declarations were submitted to rebut those of plaintiffs, courts have disregarded them where they merely created a question of fact about credibility. *See, e.g., Vecchio v. Quest Diagnostics, Inc*., 2018 U.S. Dist. LEXIS 72919, *19-20 (S.D.Y.N. Apr. 30, 2018) (Ramos, J.); *Stevens v. HMSHost Corp*., 2012 U.S. Dist. LEXIS 146150, *11-12 (E.D.N.Y. Oct. 10, 2012). By contrast, in this case, where Plaintiff has specifically identified two people, the Court cannot ignore their own sworn affidavits that completely contradict the vague claims made by Plaintiff about their job duties, pay, and alleged conversations with them. Ferrier Dec. Exhibit C and D. *Cf*., *Thornburn v. Door Pro Am., Inc*., 2018 U.S. Dist. LEXIS 46164, *30 (E.D.N.Y. Mar. 20, 2018) (granting conditional certification "based on Defendant's failure to offer any evidence to effectively rebut Plaintiff's assertions").

It is clear that, even as to the people identified by Plaintiff by first and last name, those individuals are not similarly situated to him. One of those people was a salaried manager, and one worked for a different company. Ferrier Dec. Exhibits C and D. Plaintiff provides only a first name for the rest, and thus, those people cannot be identified. No one with those first names worked for LSTD, LLC d/b/a SSA Construction. Ferrier Dec. Exhibits A and B. Plaintiff has failed to identify any potential class members, because there is no potential class of construction workers or laborers employed by LSTD, LLC d/b/a SSA Construction. The company simply did not employ anyone in that capacity.

## IV.    THE BRANCH OF PLAINTIFF'S MOTION SEEKING NAMES AND CONTACT INFORMATION OF POTENTIAL CLASS MEMBERS SHOULD BE DENIED

For the foregoing reasons, Plaintiff's motion for conditional certification should be denied. When denying a motion for conditional certification, this Court typically denies the request to

order the production of contact information for other employees.  *See, e.g., Romero,* 2012 U.S. Dist. LEXIS 61151; *Barfield*, 2005 U.S. Dist. LEXIS 28884.

Plaintiff's cases in support of Point II of his motion are distinguishable. Although *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165 and *Krueger v. New York Tel. Co.*, 1993 U.S. Dist. LEXIS 9988, *3 (S.D.N.Y. July 20, 1993) (McKenna, J.) authorized such disclosures, those cases addressed alleged violations of the Age Discrimination in Employment Act, not the FLSA.[1] Moreover, those cases, like the others cited by Plaintiff, granted conditional certification, based on far more detailed and persuasive allegations than those presented here. *See, Fasanelli,* 516 F. Supp. 2d 317; *Sherrill v. Sutherland Global Servs.*, 487 F. Supp. 2d 344 (W.D.N.Y. 2007) (granting motion for conditional certification based on eight affidavits and time records); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006 (Batts, J.); *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 663 (S.D.N.Y. 2013) (McMahon, J.) (granting conditional certification based on multiple details affidavits and defendant's own admissions).

Plaintiff advances no argument that this Court should order production of contact information in the event that the motion for conditional certification is denied. Accordingly, that branch of the motion should also be denied. Moreover, as explained in the Sutton and Scavo affidavits, the Defendants do not have any contact information for the people Plaintiff seeks to serve with the proposed notice, because Defendants never employed any construction workers or laborers. Thus, there is nothing to produce. Ferrier Dec. Exhibits A and B.

## V.     SPECIFIC OBJECTIONS TO PLAINTIFF'S PROPOSED NOTICE

Finally, in the event that the Court does decide to conditionally certify a class, Plaintiff's application (DE #29-1, p. 12-13) that notice be publicly posted "on an employee notice board or

---

[1] Both cases noted that the ADEA incorporates the notice procedure of the FLSA.

alternatively in a prominent location within the venue where current collective class members start and end their shifts" is inappropriate. In the first place, the corporate Defendant no longer exists, as of 2016, so there is no location in which to post anything. Ferrier Dec. Exhibits A and B.

Moreover, Plaintiff's request to mail the notice to potential opt-in plaintiffs is sufficient, as previously held by this Court under similar circumstances. *See, e.g., Hernandez v. Merrill Lynch & Co.,* 2012 U.S. Dist. LEXIS 49822, at *22–23 (S.D.N.Y. Apr. 6, 2012) (Forrest, J.) (denying request to post notice); *Shajan v. Barolo, Ltd.,* 2010 U.S. Dist. LEXIS 54581, at *5 (S.D.N.Y. June 2, 2010) (McMahon, J.) ("Since all current employees will be receiving the notice, there is no need to require defendants to post the notice in the workplace."); *Gordon v. Kaleida Health*, 2009 U.S. Dist. LEXIS 95729, at *37 (W.D.N.Y. Oct. 14, 2009) (finding request for posting "premature" and noting that, "the only group that will be reached by posting are current employees, who have an interest in providing their employer with an up-to-date mailing address."). Accordingly, in the event the Court certifies a limited class, mailing is sufficient and appropriate.

Moreover, Plaintiff requests a 90-day opt-in period. DE #29, p. 14. Because he asserts no reason for deviating from the Second Circuit standard 60-day opt-in period, it should be reduced to 60 days. *See Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 566–67 (S.D.N.Y. 2015) (Ramos, J.) (referring to 90 days as a "longer-than-normal opt-in period" and noting that "since '[c]ourts in this Circuit routinely restrict the opt-in period to sixty days,' the opt-in period in this case will be sixty days. *Fa Ting Wang v. Empire State Auto Corp.*, 2015 WL 4603117, at *11 [E.D.N.Y. July 29, 2015] [Kuntz, J.] [collecting cases in which sixty-day period is imposed due to absence of plaintiff's arguments in support of ninety-day period]") (citations and internal quotation marks omitted in the original).

The proposed notice and opt-in form also contain errors that must be corrected. The proposed notice asserts that "Plaintiff alleges that [Defendants] violated the FLSA by not paying their employees proper minimum wages," and the first sentence of the proposed opt-in form states that the person opting in "was not paid proper minimum wages[.]" DE #29-2, p. 2, 6. In fact, Plaintiff alleges that he earned $15.00 per hour, above the minimum wage. DE #1, ¶30; DE #29-1, ¶3. Moreover, the Complaint itself lists only four causes of action, i.e., 1) violation of the overtime provision of the FLSA; 2) violation of the overtime provision of the NYLL; 3 violation of the notice and recordkeeping requirements of the NYLL; and 4) violation of the wage statement requirements of the NYLL. DE #1, p. 6–8. There is no claim for failure to pay minimum wages under any law.

In addition, the proposed notice's admonition that opt-ins may be required to "attend" a deposition (DE #29-2, p. 4) should be changed to "testify," for the sake of clarity to lay people who may not be familiar with the concept of depositions. The suggestion that a statute of limitations is running on "your claim" (DE #29-2, p. 4) improperly suggests that the recipient necessarily has a valid claim. Thus, the sentence should be changed to read "any potential claims you may have."

Moreover, the sentence on page 2 of the notice reading "LSTD, LLC d/b/a SSA Construction Group alleges that they have paid their employees proper overtime compensation wages at the appropriate statutorily-set standard" suggests that Defendants concede that they employed construction workers and laborers, as Plaintiff claims to have been. However, as the Sutton, Scavo, and Rivera, affidavits make clear, the company never employed anyone in those capacities. Ferrier Dec. Exhibits A, B, and C. Thus, the sentence should be changed to read,

"LSTD, LLC d/b/a SSA Construction denies that it ever employed anyone as a construction worker or laborer, or that it owes anyone who worked in such a capacity any unpaid wages."

Finally, just as Defendants' counsel's information is included on page 5 of the proposed opt-in notice, counsel's telephone number should be included where Plaintiff's counsel's telephone number is listed. *See, e.g., Benavides v. Serenity Spa NY Inc.,* 166 F. Supp. 3d 474, 486 (S.D.N.Y. 2016) (Cott, M.J.).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for conditional class certification should be denied in its entirety.

Dated: July 19, 2018
      New York, New York

*/s/ Valerie K. Ferrier*
Valerie K. Ferrier, Esq.
Michelle S. Harkavy, Esq.
FordHarrison, LLP
Attorneys for Defendants
60 East 42nd Street, 51st Floor
New York, New York 10165
(T) 212-453-5900
vferrier@fordharrison.com
mharkavy@fordharrison.com

To:    Roman Avshalumov, Esq.
      James O'Donnell, Esq.
      Helen F. Dalton & Associates, P.C.
      Attorneys for Plaintiffs
      69-12 Austin Street
      Forest Hills, New York 11375
      (T): 718-263-9591

WSACTIVELLP:9913482.2

13