USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
RIGOBERTO TAVERAS *individually and on behalf of others similarly situated*,

                                     Plaintiffs,

-against-

LSTD, LLC D/B/A SSA CONSTRUCTOIN GROUP, and SAUL SUTTON, and ANTHONY SCAVO, as individuals,

                                       Defendants.
------------------------------------------------------------- X

18-CV-903 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

       Plaintiff Rigoberto Taveras filed this action to recover for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA"), and coordinate provisions of New York Labor Law, *see* N.Y.L.L. §§ 198(1-a), 195(1), 195(3). Taveras alleges that he was employed by the Defendants as a construction worker and laborer from November 2013 to approximately April 2016. Compl. (Dkt. 1) ¶¶ 28-29. According to Taveras, he worked approximately 72 hours per week, was paid a flat rate of $15.00 per hour, and was not paid time-and-a-half for hours worked in excess of 40 hours per week. Compl. ¶¶ 30-32. He also alleges the Defendants failed to provide him with a proper written notice of his pay. Compl. ¶ 60.

       Before the Court is Taveras's motion for conditional certification of a collective action under the FLSA. Dkt. 28. Taveras seeks to represent an unspecified number of former and current employees of the Defendants, whom he alleges were employed as laborers and construction workers and were paid in the same manner as he was. Pl.'s Mem. (Dkt. 29) at 1; Affidavit of Rigoberto Taveras ("Taveras Aff.") (Dkt. 29-1) ¶¶ 7-10. Although Taveras's initial

affidavit is quite vague, he has provided additional support for his motion in connection with his reply. Taveras explains that during his time working for the Defendants he was typically paid by an employee known as "Anthony Ribbs" – identified by the Defendants as manager Antonio Rivera. Reply Affidavit of Rigoberto Taveras ("Taveras Reply Aff.") (Dkt. 36) ¶ 9; Defs.' Opp'n (Dkt. 31) at 3. Rivera paid Taveras and his co-workers "at the same time" in cash each Friday. Taveras Reply Aff. ¶¶ 9, 11. On occasion, however, Rivera would inform the workers that he had no money to pay them, and they would travel to the home of defendant Anthony Scavo to be paid. Taveras Reply Aff. ¶¶ 14-15. On "approximately five or six" occasions, Taveras went with other laborers to be paid by Scavo, typically, according to him, in groups of "eight to ten." Taveras Reply Aff. ¶¶ 15-16. Taveras alleges that he and the other laborers and construction workers at his job site discussed with Rivera "almost every week" the fact that they were not paid overtime. Taveras Reply Aff. ¶¶ 18, 20. He has cited conversations with Rivera and other laborers in 2015 at a jobsite on Canal Street in Manhattan and at a jobsite in Hoboken in 2016. Taveras Reply Aff. ¶ 20. Defendants oppose Taveras's motion, principally on the grounds that his initial affidavit was vague and conclusory.[1] They also object to the form of notice proposed by Taveras and his request for a list of former and current employees and their contact information.

    In determining whether to certify a collective action, courts in the Second Circuit use a two-step process. *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010). At the "notice stage," plaintiffs must establish that other employees "may be 'similarly situated'" to them. *Id.* at 555 (citations omitted). To meet this burden, a plaintiff need only "make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or

---

[1]     Defendants have not objected to the Court's consideration of Taveras's reply affidavit.

plan that violated the law." *Id.* (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)) (internal quotation marks). While a plaintiff's burden is modest, "it is not non-existent," *Fraticelli v. MSG Holdings, L.P.*, No. 13-CV-6518 (JMF), 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (quoting *Khan v. Airport Mgmt. Servs., LLC*, No. 10-CV-7735 (NRB), 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011)), and generally cannot be satisfied by "unsupported assertions." *Myers*, 624 F.3d at 555 (quoting *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)). Nonetheless, courts employ a "low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (quoting *Sbarro*, 982 F. Supp. at 261). At this first stage, therefore, courts do not examine "whether there has been an actual violation of law . . . ." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (citing *Krueger v. N.Y. Tel. Co.*, No. 93-CV-178 (LMM), 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993) ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine whether a 'similarly situated' group exists.")).

At the second stage, when the court has a more developed record, the named plaintiffs must prove that "the plaintiffs who have opted in are *in fact* 'similarly situated' to the named plaintiffs." *She Jian Guo v. Tommy's Sushi Inc.*, No. 14-CV-3964 (PAE), 2014 WL 5314822, at *2 (S.D.N.Y. Oct. 16, 2014) (quoting *Myers*, 624 F.3d at 555) (emphasis in *She Jian Guo*). The action may be "'de-certified' if the record reveals that [the opt-in plaintiffs] are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555 (citations omitted).

The Court is satisfied that Taveras has met his modest burden of showing that he and other laborers and construction workers suffered from the same improper compensation practices. Although Defendants contend that Taveras's self-serving affidavits are an insufficient

basis upon which to certify a collective, "courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." *Mata v. Foodbridge LLC*, No. 14-CV-8754 (ER), 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015) (quoting *Hernandez v. Bare Burger Dio Inc.*, No. 12-CV-7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013)).  There is no numerosity requirement.  Taveras's reply affidavit includes specific facts regarding the Defendants' pay practices to support his contention that there are similarly-situated workers who were paid in a similar, improper manner.  In particular, Taveras alleges that he and the other laborers and construction workers were paid every Friday afternoon at their jobsite or at defendant Scavo's home and in cash by the Defendants or their agent Antonio Rivera.  Taveras Reply Aff. ¶¶ 9-10, 14-15, 17.  Taveras personally observed his co-workers complain to Rivera "almost every week" that they also were not paid overtime.  Taveras Reply Aff. ¶¶ 17-18.  On five or six occasions, Taveras traveled with groups of 8 to 10 coworkers to be paid by defendant Scavo.  Taveras Reply Aff. ¶¶ 15-16.

      The factual details regarding pay procedures provided by Taveras distinguish his case from others in which this Court has rejected a plaintiff's self-serving "observations" of a defendant's employment practices.  This Court has rejected such affidavits where the factual basis for the plaintiff's knowledge of other employees' pay is unclear, *see Reyes v. The Picnic Basket, Inc.*, No. 18-CV-140 (VEC), Dkt. 39, at 3-4 (S.D.N.Y. May 22, 2018), or when the plaintiff has failed to identify any particular conversation that is the basis for his or her knowledge, *Yang v. Asia Market Corp.*, No. 17-CV-6886 (VEC), Dkt. 36, at 3 (S.D.N.Y. April 3, 2018).  By contrast – and contrary to Defendants' arguments – Taveras has provided factual

detail to explain the basis for his knowledge of how other employees were paid, and he does not seek to represent a class of individuals with varying jobs or responsibilities.[2]

Having concluded that it is appropriate conditionally to certify a collective, the Court requires Defendants to provide contact information, including names, addresses and telephone numbers for potential members of the collective.[3] *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016) ("Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action." (quoting *Martin v. Sprint/united Mgmt. Co.*, No. 15-CV-5237 (PAE), 2016 WL 30334, at *19–20 (S.D.N.Y. Jan. 4, 2016))). Defendants are directed to provide contact information for former and current employees for the period of three years prior to the filing of the Complaint through the current day.[4]

The remaining issues raised by the parties need not be addressed by the Court at this time. Defendants have asserted a number of objections to the form of notice proposed by

---

[2] The Court also rejects Defendants' frivolous attempt to dispute the factual underpinnings of Taveras's affidavit through affidavits of their own. As Defendants themselves acknowledge, the court does not resolve factual disputes or make credibility determinations at the conditional certification stage. *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007).

[3] The Court declines to address Defendants' claim that they do not maintain a list of former and current employees. Assuming Defendants are employers within the meaning of the FLSA, as the Court must at this stage, the FLSA requires them to maintain employment records. *See* 29 U.S.C. § 211(c); *Ramirez v. Rifkin*, 568 F. Supp. 2d 262, 272 (E.D.N.Y. 2008). Even if Defendants' records are not perfectly organized or entirely complete, it beggars the imagination that they have *no* records that would facilitate notification to putative members of the collective.

[4] Because the statute of limitations with respect to opt-in plaintiffs continues to run until they join the lawsuit, it is possible that this notice period includes opt-in plaintiffs with time-barred claims. Whether the statute of limitations should be equitably tolled as to these individuals is most appropriately addressed on an individual basis. *See Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 565–66 (S.D.N.Y. 2015); *see also Alvarado Balderramo v. Taxi Tours Inc.*, No. 15-CV-2181 (ER), 2017 WL 2533508, at *6 (S.D.N.Y. June 9, 2017) ("[C]ourts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." (quoting *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013))).

Taveras.  Taveras has not responded to these arguments, and it is unclear if he opposes revising the notice.  Likewise, Taveras has not responded to Defendants' argument that the notice should not be posted at Defendants' jobsites.  The parties should work together collegially to resolve Defendants' concerns regarding the form of notice.  If they are unable to agree on a form of notice and posting procedure, they should contact the Court.

In sum, Taveras's motion for conditional certification of a collective is GRANTED.  The parties must submit a revised form of proposed notice or inform the Court they are unable to reach agreement by **September 7, 2018**.  The Clerk of Court is respectfully directed to close the open motion at docket entry 28.

**SO ORDERED.**

**Date:  August 28, 2018**  _____
**New York, New York**  **VALERIE CAPRONI**
                        **United States District Judge**