

# Helen F. Dalton and Associates, P.C.
## Attorneys at Law

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
T. 718.263.9591 ✦ F. 718.263.9598

July 8, 2019

**Via ECF**
Honorable District Judge Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: **Taveras v. LSTD, LLC., et al.**
    **18-CV-0903 (VEC)**

Dear Judge Caproni:

We represent the Plaintiff in the above-referenced matter and we submit this letter motion jointly with Defendants to request the Court's approval of the Settlement Agreement attached hereto as Exhibit A. The parties will promptly execute the Settlement Agreement upon Court approval.

In accordance with Your Honor's June 7, 2019 Order, the parties provide the following information in support of their request for approval of the Settlement Agreement:

**1. The Plaintiff's Range of Possible Recovery**

Plaintiff Rigoberto Taveras alleged that he was employed by Defendants from in or around November 2013 until in or around April 2016. Plaintiff alleged that he regularly worked approximately 72 (seventy-two) hours per week, but was compensated $15.00 per hour for all hours worked and, as such, was not paid proper overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiff also alleged that he did not receive proper wage statements and notices pursuant to the NYLL.

According to Plaintiff's calculation of damages, Plaintiff was owed approximately $70,273.60, which included Plaintiff's claims for unpaid wages, liquidated damages and statutory penalties. If Plaintiff were unsuccessful on all of his claims, he could have recovered nothing.

Here, there was a bona fide dispute as to the number of hours worked and amount of compensation received by Plaintiff from Defendants. In fact, Defendants dispute that

Plaintiff was ever employed by Defendants and, as such, Defendants' position is that they do not owe Plaintiff any compensation.

As such, Plaintiff's range of possible recovery was $0 to $70,273.60. The parties reached a settlement in this matter for $57,500.00, which the parties believe is fair and reasonable in light of the information provided herein.

## 2. The Extent to which "the Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses in Establishing Their Respective Claims and Defenses"

Although the parties had conducted significant discovery in this matter prior to reaching a settlement, this agreement will enable the parties to avoid significant burdens and expenses. Defendants would have still needed to conduct Plaintiff's deposition. The parties would have also needed to spend time and money resolving Plaintiff's outstanding motion for conditional certification of a collective action. Lastly, the parties are avoiding incurring significant expenses associated with preparing and conducting a trial in this matter.

## 3. The Seriousness of the Litigation Risks Faced by the Parties

Both parties faced serious litigation risks should this case have proceeded to trial. Plaintiff could have failed to establish his claims as to the amount of hours he had alleged to have worked and as to the amount of money he had alleged to have received. Plaintiff could have lost at trial and would not have received the $57,500.00 that he will receive pursuant to the Settlement Agreement.

If Plaintiff were 100% successful on all of his claims at trial, Defendants faced exposure of not just the unpaid wages and liquidated damages owed to Plaintiff but also having to pay Plaintiff's counsel's reasonable attorneys fees and expenses associated with litigating this matter.

## 4. Whether "the Settlement Agreement is the Product of Arm's-length Bargaining Between Experienced Counsel"

The parties began discussing settlement in this matter in or around December 2018. In May 2019, after approximately six months of back-and-forth negotiating, the parties were able to reach a settlement.

Plaintiff's counsel specializes in labor and employment law and has represented individuals in FLSA and NYLL matters for approximately ten years. Plaintiff's counsel handles approximately 80 to 100 FLSA and NYLL cases per year. Plaintiff's counsel has settled over one hundred FLSA and NYLL matters in the Second Circuit.

**5. The Possibility of Fraud or Collusion**

In short, there is no possibility of fraud or collusion in this matter. Both parties were represented by experienced counsel and enter into the Settlement Agreement on their own free will and accord. There are no terms agreed upon by the parties outside of the Settlement Agreement.

**Plaintiff's Counsel's Attorneys' Fees and Expenses**

The parties reached a settlement of all claims asserted in this matter for $57,500.00. Plaintiff's counsel is respectfully requesting an award of attorneys' fees in the amount of $18,279.66, which is one-third of the settlement amount minus the expenses incurred in this matter. Plaintiff's counsel is also respectfully requesting to be reimbursed for $2,661.00 in expenses, which includes the Southern District of New York filing fee ($400.00), serving the Summons and Complaint on the Defendants through Plaintiff's process server, Anke Judicial Services, Inc. ($1,030.00), serving the corporate Defendant through the Secretary of State ($40.00), transportation for our client to appear at an appointment ($29.00), postage fees ($7.00), and the costs associated with conducting three depositions and ordering transcripts for those depositions ($1,155.00).

**Settlement Amount:** $57,500.00
**Expenses:** $2,661.00
**Settlement Amount Less Expenses:** $54,389.00
**Plaintiff's Counsel's Requested Fees:** $18,279.66 ($54,389.00 / 3)
**Total to Plaintiff's Counsel:** $20,940.66
**Total to Plaintiff:** $36,559.34

The basis for this request for attorneys' fees and expenses is the retainer agreement that has been reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.,* 796 F3d 199, 206 (2d Cir 2015)(*citing Lopez v Nights of Cabiria, LLC,* 96 F Supp 3d 170, 181-82 (SDNY 2015).

Here, Plaintiff's counsel is requesting attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the client. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiff entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree. Furthermore, Plaintiff's counsel believes

that this amount reflects the extensive work conducted by Plaintiff's counsel over the last two years in this matter and the recovery to be received by Plaintiff.

In closing, the parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

We thank Your Honor for her consideration on this matter.

Respectfully submitted,

/s/
Roman Avshalumov, Esq.
James O'Donnell, Esq.
Helen F. Dalton & Assoc.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, NY 11415