

# Helen F. Dalton and Associates, P.C.
## Attorneys at Law

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
T. 718.263.9591 ♦ F. 718.263.9598

July 8, 2019

**Via ECF**
Honorable District Judge Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/11/2019

Re: **Taveras v. LSTD, LLC., et al.**
18-CV-0903 (VEC)

**MEMO ENDORSED**

Dear Judge Caproni:

    We represent the Plaintiff in the above-referenced matter and we submit this letter motion jointly with Defendants to request the Court's approval of the Settlement Agreement attached hereto as Exhibit A. The parties will promptly execute the Settlement Agreement upon Court approval.

    In accordance with Your Honor's June 7, 2019 Order, the parties provide the following information in support of their request for approval of the Settlement Agreement:

**1. The Plaintiff's Range of Possible Recovery**

    Plaintiff Rigoberto Taveras alleged that he was employed by Defendants from in or around November 2013 until in or around April 2016. Plaintiff alleged that he regularly worked approximately 72 (seventy-two) hours per week, but was compensated $15.00 per hour for all hours worked and, as such, was not paid proper overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiff also alleged that he did not receive proper wage statements and notices pursuant to the NYLL.

    According to Plaintiff's calculation of damages, Plaintiff was owed approximately $70,273.60, which included Plaintiff's claims for unpaid wages, liquidated damages and statutory penalties. If Plaintiff were unsuccessful on all of his claims, he could have recovered nothing.

    Here, there was a bona fide dispute as to the number of hours worked and amount of compensation received by Plaintiff from Defendants. In fact, Defendants dispute that

Plaintiff was ever employed by Defendants and, as such, Defendants' position is that they do not owe Plaintiff any compensation.

As such, Plaintiff's range of possible recovery was $0 to $70,273.60. The parties reached a settlement in this matter for $57,500.00, which the parties believe is fair and reasonable in light of the information provided herein.

## 2. The Extent to which "the Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses in Establishing Their Respective Claims and Defenses"

Although the parties had conducted significant discovery in this matter prior to reaching a settlement, this agreement will enable the parties to avoid significant burdens and expenses. Defendants would have still needed to conduct Plaintiff's deposition. The parties would have also needed to spend time and money resolving Plaintiff's outstanding motion for conditional certification of a collective action. Lastly, the parties are avoiding incurring significant expenses associated with preparing and conducting a trial in this matter.

## 3. The Seriousness of the Litigation Risks Faced by the Parties

Both parties faced serious litigation risks should this case have proceeded to trial. Plaintiff could have failed to establish his claims as to the amount of hours he had alleged to have worked and as to the amount of money he had alleged to have received. Plaintiff could have lost at trial and would not have received the $57,500.00 that he will receive pursuant to the Settlement Agreement.

If Plaintiff were 100% successful on all of his claims at trial, Defendants faced exposure of not just the unpaid wages and liquidated damages owed to Plaintiff but also having to pay Plaintiff's counsel's reasonable attorneys fees and expenses associated with litigating this matter.

## 4. Whether "the Settlement Agreement is the Product of Arm's-length Bargaining Between Experienced Counsel"

The parties began discussing settlement in this matter in or around December 2018. In May 2019, after approximately six months of back-and-forth negotiating, the parties were able to reach a settlement.

Plaintiff's counsel specializes in labor and employment law and has represented individuals in FLSA and NYLL matters for approximately ten years. Plaintiff's counsel handles approximately 80 to 100 FLSA and NYLL cases per year. Plaintiff's counsel has settled over one hundred FLSA and NYLL matters in the Second Circuit.

**5. The Possibility of Fraud or Collusion**

In short, there is no possibility of fraud or collusion in this matter. Both parties were represented by experienced counsel and enter into the Settlement Agreement on their own free will and accord. There are no terms agreed upon by the parties outside of the Settlement Agreement.

**Plaintiff's Counsel's Attorneys' Fees and Expenses**

The parties reached a settlement of all claims asserted in this matter for $57,500.00. Plaintiff's counsel is respectfully requesting an award of attorneys' fees in the amount of $18,279.66, which is one-third of the settlement amount minus the expenses incurred in this matter. Plaintiff's counsel is also respectfully requesting to be reimbursed for $2,661.00 in expenses, which includes the Southern District of New York filing fee ($400.00), serving the Summons and Complaint on the Defendants through Plaintiff's process server, Anke Judicial Services, Inc. ($1,030.00), serving the corporate Defendant through the Secretary of State ($40.00), transportation for our client to appear at an appointment ($29.00), postage fees ($7.00), and the costs associated with conducting three depositions and ordering transcripts for those depositions ($1,155.00).

**Settlement Amount:** $57,500.00
**Expenses:** $2,661.00
**Settlement Amount Less Expenses:** $54,389.00
**Plaintiff's Counsel's Requested Fees:** $18,279.66 ($54,389.00 / 3)
**Total to Plaintiff's Counsel:** $20,940.66
**Total to Plaintiff:** $36,559.34

The basis for this request for attorneys' fees and expenses is the retainer agreement that has been reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015)(*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015).

Here, Plaintiff's counsel is requesting attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the client. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiff entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree. Furthermore, Plaintiff's counsel believes

that this amount reflects the extensive work conducted by Plaintiff's counsel over the last two years in this matter and the recovery to be received by Plaintiff.

In closing, the parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

We thank Your Honor for her consideration on this matter.

Respectfully submitted,

/s/ _____
Roman Avshalumov, Esq.
James O'Donnell, Esq.
Helen F. Dalton & Assoc.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, NY 11415

The Court declines to approve the proposed settlement as fair and reasonable unless Plaintiff's counsel provides receipts for the expenses and an accounting of billable hours.  Plaintiff's counsel must also explain why the cost of service exceeded $1000.  The status conference scheduled for July 12, 2019, is adjourned to **July 26, 2019, at 10:00 A.M.**  Plaintiff's counsel's response must be filed on or before **July 19, 2019**.

SO ORDERED.          Date: 07/11/2019

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **RIGOBERTO TAVERAS** (hereinafter referred to as "Plaintiff") and **LSTD, LLC D/B/A SSA CONSTRUCTION GROUP, and SAUL SUTTON and ANTHONY SCAVO**, (hereinafter collectively referred to as "Defendants"), regarding Plaintiff's employment and the settlement of any and all claims Plaintiff has or may has against Defendants.

WHEREAS, Plaintiff has commenced an action against Defendants in the Southern District of New York, United States District Court, styled *Rigoberto Taveras on behalf of all other similarly situated v. LSTD, LLC d/b/a SSA Construction Group, Saul Sutton, and Anthony Scavo*, bearing Docket No.: 18-CV-903 (the "Action") alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law.

**WHEREAS,** Defendants deny that they failed to pay Plaintiff all wages owed to them; and

**WHEREAS,** Defendants deny any violation of law or any liability to Plaintiff; and

**WHEREAS,** Defendants assert that Plaintiff is not entitled to any additional wages, assert that Plaintiff was fully and properly paid for services he performed for Defendants, and otherwise vigorously defend against the Action; and

**WHEREAS,** Plaintiff and Defendants mutually desire to settle and resolve all disputes and differences between them without incurring further time, expense, or attorneys' fees, on the terms and conditions hereinafter set forth; and

**WHEREAS,** the terms of this Agreement were fully reviewed by Plaintiff and his attorneys and all parties have had a sufficient opportunity to consider this Agreement and reviewed this Agreement with their respective attorneys; and

**WHEREAS,** the parties have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion or duress;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiff, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

**1.** Any and all wage and hour disputes Plaintiff has with Defendants are fully settled in accordance with the terms more fully set forth herein.

**2. Consideration and Payment.**

The parties for the good and sufficient consideration set forth below agree as follows:

In consideration for Plaintiff's execution of this Agreement and Plaintiff's release of any and all claims asserted in the Action, including, but not limited to, all claims for money damages or claims of an equitable or other nature, attorneys' fees, costs or expenses as set forth 3 below, and in consideration of the parties' compliance with the promises made herein, Defendants agree to the following payment terms:

a. Defendants shall cause Plaintiff to be paid the gross sum of fifty-seven thousand and five hundred dollars ($57,500.00), inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

   i. Within seven (7) days of the Court's approval of this settlement agreement, Defendants shall provide payment of fifty-seven thousand and five hundred dollars and zero cents ($57,500.00) payable as follows:

   a. One certified or bank check in the amount of twenty thousand nine hundred forty dollars and sixty-six cents ($20,940.66) made payable to Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

   b. One certified or bank check in the amount of thirty-six thousand five hundred fifty-nine dollars and thirty-four cents ($36,559.34) made payable to Rigoberto Taveras.

   ii. The Settlement Funds will be provided to the Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415.

   iii. Within seven (7) days of receiving the full payment listed in Paragraph 2(a)(i), Plaintiff will file a Stipulation of Discontinuance with prejudice for Court approval.

b. Plaintiff understands and agrees that he is responsible for making and/or paying all of the taxes relating to monies he receives under this Agreement;

c. Plaintiff understands and agrees that he would not receive the monies specified in this Agreement except for his execution of this Agreement and his agreement to fulfill the promises described herein.

d. The payment(s) mentioned in enumerated paragraph 2(a)(i) shall be in full satisfaction of any and all claims and causes of action as set forth in paragraph 3 of this Agreement.

### 3. Release

In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement, Plaintiff, his successors and assigns, knowingly and voluntarily **HEREBY RELEASES AND FOREVER DISCHARGES**, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their current, former, and future officers, owners, directors, employees, trustees, agents, administrators, representatives, attorneys, insurers, or fiduciaries, whether as individuals or in their official capacity, and each of their respective successors and assigns, and attorneys of and from all or any manner ("Releasees") of actions, causes of action, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, causes of action known or unknown, suspected or unsuspected, claims and demands at law or in equity ("claims"), which arise out of the allegations set forth in Plaintiff's Complaint in the Action. This release specifically includes, without limitation, claims arising under the Federal Labor Standards Act and New York Labor Law, and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage statements, which Plaintiff ever had or now has arising out of Plaintiff's employment by Defendants. This Release covers any rights or claims, known or unknown, relating in any way to Plaintiff's compensation derived from Plaintiff's employment relationship with the Releasees, or arising under any wage-related statute or wage-related regulation including, but not limited to, the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the New York State Labor Law §§ 1 *et seq.* and all applicable wage-related regulations including but not limited to 12 NYCRR 142 *et seq.;* the Wage Theft Prevention Act, the New York Equal Pay Law; and all other New York State and Federal Wage and Hour Laws based upon any conduct occurring from the beginning of the world to the date this Agreement is executed.

Defendants, for themselves and their heirs, executors, administrators and his respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE**, to the maximum extent permitted by law, Plaintiff from any and all counterclaims that Defendants have asserted or could have asserted against Plaintiffs relating to the claims asserted in the Action.

### 4. Attorneys' Fees

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

### 5. Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to the resolution of claims alleged in the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument

3

executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 6. Enforcement of the Agreement

This Agreement shall be governed by relevant federal law and the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 7. Jurisdiction

Notwithstanding Plaintiff's filing of a Stipulation of Discontinuance, the parties respectfully request that this Court, the United States District Court for the Southern District of New York, retain jurisdiction to enforce the terms of this settlement until full payment of the Settlement Funds outlined in Paragraph 1 is made in its entirety or in the event of a default of this Agreement by either party.

### 8. Effective Date

This Agreement and Release shall become effective immediately upon execution.

### 9. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

### 10. Plaintiff's Representations and Covenants.

    *a.* *No Other Claims:* Plaintiff affirms he has not filed or caused to be filed, and he is not presently a party to, any claim against Defendants or any of the Releasees other than the Action, other than the claims against Defendants related to his injuries sustained at a construction site located at 1330 Willow Avenue, Hoboken, New Jersey 07030, including the action styled as *Taveras v. Advance Hoboken, LLC, et al.,* filed in the United States District Court, District of New Jersey, bearing Docket No. 17-CV-5603 ("the Personal Injury Action") as well as any related workers' compensation actions.

    *b.* *Covenant Not to Sue:* Plaintiff hereby covenants and agrees not to sue, commence, prosecute and continue any other proceeding or complaint or accept any relief individually or as a member of a class, against Defendants or Releasees based on any claims that are referred to in paragraph two (2) of this Agreement. Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding in which Defendants or any other Releasee

4

identified in this Agreement is a party based on any claims that are referred to in paragraph three (2) of this Agreement. Plaintiff waives any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiff or anyone else on Plaintiff's behalf based on any claims referred to in paragraph two (2) of this Agreement.

  c. *Sufficiency of Consideration*: Plaintiff expressly understands and agrees that the obligations under this Agreement and tender of the payment described herein are in lieu of any and all other amounts to which Plaintiff might be, is now, or may become entitled to receive from Defendants upon any claim asserted in the Action and referenced in paragraph two (2) of this Agreement. Plaintiff expressly waives any right or claim that he may have, or may assert, regarding wage-related claims against Defendants for payment of back pay, interest, bonuses, accrued vacation, accrued sick leave, medical, dental, optical or hospitalization benefits, accidental death and dismemberment coverage, long-term disability coverage, stock options, pensions, life insurance benefits, overtime, severance pay, liquidated damages and/or attorneys' fees or costs with respect to or derivative from Plaintiff's employment with Defendants. Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiff referenced in paragraph 2 of this Agreement constitute a fair and reasonable resolution of a *bona fide* dispute over a provision of the Fair Labor Standards Act.

  d. *Mutual Non-Disparagement*: The parties agree that they shall not make, or encourage any other individual to make any public or private "disparaging" comments, including but not limited to written, verbal, or electronic communications, about either party or any of the Releasees to any individual or entity and/or to take any direct action that would "disparage" any party or any of the Releasees. As it pertains to the Defendants the foregoing clause is limited to executive level employees acting in their official capacities. For purposes of this Agreement, the term "disparage" and/or "disparaging" shall mean and include but be limited to any statement which might adversely affect the reputation of Plaintiff or Defendants/Releasees, or which accuses the aforesaid individuals or entities of acting in violation of any law or government regulation or of conditioning any such action, or otherwise acting in an unprofessional, dishonest, disreputable, improper manner. However, this restriction shall not prohibit Plaintiff or Defendants from (i) making truthful statements regarding their experiences litigating this matter or (ii) enforcing their rights or remedies under this Agreement. Furthermore, this restriction shall not prohibit either party from complying with their legal obligations, such as testifying at a deposition or trial, or answering interrogatories and discovery demands, in any other legal action, including the Personal Injury Action.

  e. *Separation of Employment*: The employment relationship and/or association between Plaintiff and Defendants/Releasees has ended unrelated to any federal, state, or municipal wage and hour cause of action that Plaintiff has or may have against Defendants/Releasees. It is further understood should Plaintiff again apply to work at or for Defendants/Releasees in any capacity, Defendants/Releasees, based on this clause, may deny Plaintiff employment for any position he seeks, and said denial will not be a violation of any federal, state or municipal statute and/or common law right and will not be retaliatory in any way.

5

**11.    No Admission.** This Agreement shall not in any way be construed as an admission by Defendants that they acted wrongfully with respect to Plaintiff or any other individual, or that Plaintiff has any rights whatsoever against Defendants. Defendants specifically disclaim any liability for any purported wrongful acts against Plaintiff on the part of themselves, their officers, employees, and/or agents. Further, this Agreement shall not in any way be construed as an admission by Defendants as to any allegations set forth in the Complaint in the Action. All parties acknowledge this matter as being settled to avoid further litigation and its concomitant expense.

**12.    Enforceability.** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of the provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff and Defendants agree to execute promptly a release, waiver and/or covenant that is legal and enforceable.

**13.    Injunctive and Other Relief.** Plaintiff acknowledges Defendants have entered into this Agreement based, in part, on Plaintiff's agreement to comply with the terms of the Agreement, which are an integral and essential part of the Agreement. Plaintiff agrees any breach of the promises contained in this Agreement may cause permanent and irreparable damage to the Defendants for which a remedy at law will be inadequate. Consequently, Defendants shall be entitled to injunctive relief prohibiting any such breach or threatened breach or violation, or to specific performance of this Agreement. No bond or other security shall be posted by either party as a pre-condition to the issuance of an injunction.

**14.    Disputes; Damages.** In the event of a dispute as to the interpretation, application, or violation of this Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Southern District of New York. The parties agree that any such dispute shall be resolved by a judge, not by a jury. Neither party shall be entitled to an award of compensatory, exemplary, or punitive damages in any dispute that might arise under this Agreement, but the prevailing party in any such dispute shall be entitled to recover their reasonable attorneys' fees and costs incurred to enforce this Agreement, and additionally any attorneys' fees incurred as a result of any request for attorneys' fees.

**15.    Release Notification and Withdrawal.** Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel. Plaintiff acknowledges he did so; it is his choice to waive any potential claims asserted in the Action in return for the benefits set forth herein; and, said choice was made after careful thought, and after consulting with his attorneys. Plaintiff represents that he has been advised to and did consult legal counsel regarding this Agreement. Plaintiff further represents that after having had a full opportunity to review and consider the terms and conditions of this Agreement, and having discussed them with any member of his immediate family, counsel or financial advisor of his own choosing, and having had sufficient time to review and consider this Agreement, Plaintiff fully understands all of the provisions of this Agreement and has executed same freely and voluntarily.

**16.** **Miscellaneous.**

    **a.** All notices or other communication provided for or permitted herein, shall be in writing, and mailed by U.S. Registered or Certified Mail/Return Receipt Requested, reputable overnight express courier (Fed Ex, UPS, etc.) or sent by telecopy, electronic mail, or other similar communication, provided that, if such communication is used, the notice is also mailed simultaneously by First-Class U.S. Mail, to the party entitled or required to receive same, at the address set forth below or at such other address as such party shall designate by a notice given pursuant to this paragraph. All such notices, etc., shall be deemed given when mailed in accordance with this paragraph.

**If to Plaintiff:**

Roman Avshalumov, Esq.
James O'Donnell, Esq.
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road
Suite 601
Kew Gardens, NY 11415
(T): 718-263-9591

**If to Defendants:**

Allan M. Bahn, Esq.
FORDHARRISON LLP
60 East 42nd Street
51st Floor
New York, NY 10165
P: (212) 453-5900
F: (212) 453-5959
abahn@fordharrison.com

    **b.** This Agreement shall inure to the benefit of Defendants, its/their successors and assigns, including, but not limited to, any corporation, individual, partnership or other entity which may acquire all or substantially all of Defendants' assets and business or with or into which Defendants may be consolidated or merged. This Agreement shall inure to the benefit of Plaintiff and his heirs, executors and assigns.

    **c.** The captions of the sections hereof are for convenience only and shall not control or affect the meaning or construction of any of the terms or provisions of this Agreement.

Plaintiff shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

  **17.**   **Dismissal of Claims.** Plaintiff agrees to execute any documents necessary to effect the lawful dismissal of the Federal Action with prejudice and to waive, release and discharge with prejudice any and all rights, claims or causes of action Plaintiff has or may have with respect to the Federal Action as set forth herein. Plaintiff hereby authorizes Plaintiff's Counsel to execute, concurrent with his execution of this Agreement, the Stipulation of Dismissal with Prejudice attached hereto as **Exhibit A**. Defendants' obligations under this Agreement, and the Plaintiff's right to receive the settlement payment, are strictly conditioned on the Court's dismissal of the Action with prejudice, including all of the FLSA and NYLL claims, as to the Plaintiff.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

   **THEREFORE,** the parties to this Agreement now voluntarily and knowingly exececute this Agreement:

**PLAINTIFF:**

_____

**RIGOBERTO TAVERAS**

Date: _____

**DEFENDANTS:**

**LSTD, LLC D/B/A SSA CONSTRUCTION GROUP**

_____

**SAUL SUTTON, Agent Authorized to sign on behalf of LSTD, LLC D/B/A SSA CONSTRUCTION GROUP**

Date: _____

_____

**SAUL SUTTON, as an individual**

Date: _____

_____

**ANTHONY SCAVO, as an individual**

Date: _____